IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD BINOTTO and<br>MARTA BINOTTO,<br><br>　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>GEICO ADVANTAGE INS. CO. and<br>CONCORD GENERAL MUTUAL INS.<br>CO.,<br><br>　　　　　　Defendants,<br>　　　　　Cross-Claimants,<br>　　　　Cross-Defendants. | Civil No. 3:22-cv-210<br>Judge Stephanie L. Haines |

## OPINION

Pending before the Court is Defendant Concord General Mutual Insurance Company's ("Concord") Motion for Summary Judgment (ECF No. 45) and Defendant Geico Advantage Insurance Company's ("Geico") Motion for Partial Summary Judgment (ECF No. 47) for claims for uninsured motorist ("UM") coverage filed by Plaintiffs Donald and Marta Binotto ("Plaintiffs"). Plaintiffs' Amended Complaint is an action for recovery of damages under the UM provisions of the Concord and Geico Insurance Policies that were in place at the time of an accident caused by the negligence of an uninsured motorist. Concord seeks to dismiss Plaintiffs' UM claim as it pertains to Concord. Geico asks the Court to find that both insurance companies are responsible to Plaintiffs for UM coverage, Concord as primary for payment and Geico as secondary.

I. **Introduction**

　　A. **Procedural History**

1

On November 16, 2022, Plaintiffs filed a Complaint in civil action (ECF No. 1) against Concord and Geico. Plaintiffs later amended the Complaint, and the Amended Complaint (ECF No. 9) is the operative Complaint. Concord answered the Complaint and filed a Cross-Claim against Geico on December 13, 2022 (ECF No. 10). On February 14, 2024, Geico filed its Answer and a Cross-Claim against Concord (ECF No. 19). Geico also filed an Answer to Concord's Cross-Claim (ECF No. 23), and Concord filed an Answer to Geico's Cross-Claim (ECF No. 37). On September 11, 2023, Concord filed a Motion for Summary Judgment (ECF No. 45), with a Concise Statement of Material Facts (ECF No. 46). On the same day, Geico filed its Motion for Partial Summary Judgment (ECF No. 47) with supporting Brief (ECF No. 48) and Concise Statement of Material Facts (ECF No. 49). Geico and Concord have each responded to the Summary Judgment motions in turn (ECF Nos. 50, 51, respectively). These matters are ripe for disposition.

**B.    Factual Background**[1]

Plaintiffs Donald and Marta Binotto are husband and wife. ECF No. 49, ¶ 1. Donald was injured in a car accident on October 21, 2021. ECF No. 46, ¶ 1. On that day, Donald and his two brothers Anthony Binotto and Phillip Binotto were planning to go hunting together near a family hunting camp. *Id.* ¶ 6. Anthony and Donald traveled to the hunting site in Anthony's Dodge Ram pickup truck with a crew cab and four doors. *Id.* ¶ 10. Donald sat in the passenger seat, and the hunting gear and guns were in the back seat. *Id.* Phillip traveled to the site in his own BMW. *Id.* They traveled to a place where they usually hunted and parked in an area adjacent to the hunting grounds where they typically parked. *Id.* ¶ 7. Anthony parked about ten feet off the road in a defined pull-off area and Phillip parked about ten feet behind Anthony. *Id.* ¶ 12. It was dark at the time. *Id.* ¶ 17.

---

[1] The facts set forth derive from the Parties' CSMFs and are undisputed unless otherwise noted.

Anthony and Donald exited the truck. Donald shut the right-side passenger door and walked back to open the right rear door to retrieve his hunting gear. *Id.* ¶ 13, ECF No. 49, ¶ 5. A vehicle traveling at a high rate of speed driven by an uninsured motorist came around the bend and collided with Anthony's truck head-on. ECF Nos. 46, ¶ 15, 49, ¶ 6. Concord, citing to Anthony's Deposition (Anthony Dep. 40), states that Anthony never saw Donald reaching into the truck and he doesn't know what Donald was doing upon impact. ECF No. 46, ¶ 16. Geico, citing to Anthony's Deposition (Anthony Dep. P. 13), states that when Anthony last saw Donald before the accident, Donald was reaching into the passenger side of Anthony's vehicle to retrieve hunting gear. ECF No. 49, ¶ 8. The last thing Donald remembers is reaching into the crew cab for his hunting gear. ECF Nos. 46, ¶ 16, 49, ¶ 7. Phillip saw nothing. ECF Nos. 46, ¶ 17, 49, ¶ 9.

Donald was found lying on his back, unconscious, below the rear bumper and tow hitch of Anthony's truck. ECF No. 46, ¶ 18. Donald had removed a gun from its case, and it was strapped over his left shoulder. *Id.* There is no dispute that the fault of the accident is with the driver of the vehicle which veered off the road and struck Anthony's truck. *Id.* ¶ 19. As stated above, that vehicle had no insurance coverage. *Id.*

Concord insured Anthony's truck and that policy was issued in the state of Maine. *Id.* ¶ 20. The Concord Policy provides uninsured motor vehicle coverage in the amount of $500,000. *Id.* At the time of the accident, Plaintiffs carried a Geico Insurance Policy which included uninsured motor vehicle coverage up to $300,000 per person. *Id.* ¶ 21. Plaintiffs have made claims to both Concord and Geico for uninsured motorist benefits. ECF No. 49, ¶ 16.

## II.     Standard of Review

In relevant part, Rule 56 provides:

A party may move for summary judgment, identifying each claim or defense...on which summary judgment is sought. The court shall grant summary judgment if

3

the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by...citing to particular parts of materials in the record...or...showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(a), (c).

After discovery and upon a motion, Rule 56 requires the entry of summary judgment against a party who "'fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.'" *Marten v. Godwin,* 499 F.3d 290, 295 (3d Cir. 2007) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986)). An issue of material fact is in genuine dispute if the evidence is such that a reasonable jury could decide it for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "A genuine issue is present when a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the non-moving party in light of his burden of proof." *Doe v. Abington Friends Sch.,* 480 F.3d 252, 256 (3d Cir. 2007) (citing *Anderson,* 477 U.S. at 248; *Celotex Corp.,* 477 U.S. at 322-23)).

Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond his or her pleadings and designate specific facts by the use of affidavits, depositions, admissions or answers to interrogatories showing that there is a genuine issue of material fact for trial. *See Celotex,* 477 U.S. at 324. The nonmoving party cannot defeat a well-supported motion for summary judgment by simply reasserting unsupported factual allegations contained in his or her pleadings. *See Williams v. Borough of W. Chester,* 891 F.2d 458, 460 (3d Cir. 1989). That said, in deciding a Rule 56 summary judgment motion,

the Court must view the facts in the light most favorable to the nonmoving party and draw all reasonable inferences and resolve all doubts in its favor. *See Woodside v. Sch. Dist. of Phila. Bd. of Educ.*, 248 F.3d 129, 130 (3d Cir. 2001); *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)). The benefit of the doubt will be given to allegations of the non-moving party when in conflict with the moving party's claims. *See Bialko v. Quaker Oats Co.*, 434 F. App'x 139, 141 n.4 (3d Cir. 2011) (citing *Valhal Corp. v. Sullivan Assocs.*, 44 F.3d 195, 200 (3d Cir. 1995)).

When the parties have cross-moved for summary judgment, as in this case, the summary judgment standard remains the same. *Transguard Ins. Co.*, 464 F. Supp. 2d at 430 (citing *Appelmans v. City of Phila.*, 826 F.2d 214, 216 (3d Cir.1987)). "When confronted with cross-motions for summary judgment, ... 'the court must rule on each party's motion on an individual and separate basis, determining, for each side, whether a judgment may be entered in accordance with the summary judgment standard.'" *Id.* "If review of [the] cross-motions reveals no genuine issue of material fact, then judgment may be entered in favor of the party deserving of judgment in light of the law and undisputed facts." *Id.* (citing *Iberia Foods Corp. v. Romeo*, 150 F.3d 298, 302 (3d Cir.1998)).

### III. Analysis

As stated above, both the Concord and Geico Policies that were in place at the time of the accident have coverage for accidents caused by uninsured motorists. Part C of Concord's Policy ("Uninsured Motorists Coverage") states that Concord will pay compensatory damages which an "insured" is legally entitled to recover from the owner or operator of an "uninsured motor vehicle" because of bodily injury. ECF No. 46-5, p. 13. The "insured" is defined as you (Anthony) or any "family member", or "[a]ny other person *'occupying'* 'your covered auto.'" *Id.* (emphasis added).

Concord's Policy states, "Occupying means in, upon, getting in, on, out or off." *Id.* at 9 (internal quotations omitted). Concord in its Cross-Claim against Geico states that Geico should be called on as first priority insurance for the uninsured motorist coverage. ECF No. 10, ¶ 80. Geico contests Concord's position.

Geico's Policy reads as follows,

> Under the Uninsured Motorists Coverage, we will pay damages for bodily injury caused by an accident which the insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle arising out of the ownership, maintenance or use of that motor vehicle. The bodily injury must be sustained by the insured. The amount of the insured's recovery for these damages will be determined by agreement between the insured or his representative and us.

ECF No. 46-6, p. 6 (emphasis omitted). Geico in its Cross-Claim seeks declaratory judgment that Concord is primarily liable for the uninsured motorist benefits. Both Concord and Geico seek summary judgment as to their cross claims which necessarily will affect the outcome of the civil lawsuit instituted by Plaintiffs.

Based on the language of the applicable Policies, the issue for the Court's determination is whether Donald was considered to be "occupying" Anthony's truck when the accident occurred. If he was occupying the truck, Concord should be the first insurer in line to pay the uninsured motor vehicle benefits. If Donald was not considered to be occupying Anthony's vehicle at the time of the accident, then Geico is solely responsible for uninsured motor vehicle coverage. We will address each argument below.

The Concord Policy was issued in the state of Maine and the Geico Policy was issued in the state of Pennsylvania. A Federal Court sitting in diversity must apply the choice of law rules of the forum state. *See Klaxon v. Stentor Electric Mfg.*, 313 U.S. 487, 496 (1941) ("We are of opinion that the prohibition declared in *Erie Railroad v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, against such independent determinations by the federal courts

extends to the field of conflict of laws. The conflict of laws rules to be applied by the federal court in Delaware must conform to those prevailing in Delaware's state courts."). The first step in the choice-of-law analysis under Pennsylvania law is to determine whether an actual conflict exists between, in this case, Pennsylvania and Maine. *See Auto-Owners Ins. Co. v. Stevens & Ricci, Inc.*, 835 F.3d 388, 404 (3d Cir. 2016). If there is no conflict, a choice-of-law analysis is unnecessary. *See Pac. Employers Ins. Co. v. Glob. Reinsurance Corp. of Am.*, 693 F.3d 417, 432 (3d Cir. 2012). Both Concord and Geico submit that there is no conflict between Maine and Pennsylvania law in that both states have adopted a liberal interpretation of the term "occupying," *see* ECF Nos. 45, p. 17 & fn 2, 48, p. 7, however, they disagree on the final determination as it applies to this case. Geico states Donald was an "occupant" of Anthony's vehicle when the collision happened, and Concord states he was not. The Court accepts that there is no conflict of law and will proceed with the substantive analysis of the meaning of "occupant" as it is used in Concord's Policy and under current case law.

As stated above, the crux of the case is whether Donald was occupying Anthony's vehicle upon impact. The seminal Pennsylvania case[2] cited by Concord and Geico on this issue is *Utica Mut. Ins. Co. v. Contrisciane*, 473 A.2d 1005 (Pa. 1984). In *Contrisciane*, plaintiff Kenneth Contrisciane was involved in a minor car accident. A responding officer asked Mr. Contrisciane to produce his diver's license and owner's card. While Mr. Contrisciane was providing the items to the officer as the officer sat in his police car, Mr. Contrisciane was struck and killed by an

---

[2] Concord provides that the prevailing case on the term "occupy" in insurance policies in Maine is *Genther v. Progressive Casualty Ins. Co.*, 681 A.2d 479, 481 (Me. 1996) (stating that "courts adopting a liberal interpretation of [the definition of occupy] would generally find coverage ... because of the functional nexus between the insured's vehicle and the claimant's injury."). ECF No. 45, pp. 12-13. In *Genther,* two men were rear-ended and exited their vehicle to approach the truck that hit them. The truck accelerated toward them, hit and injured plaintiff, and sped away. The Supreme Judicial Court overruled the Superior Court to find that plaintiff was covered by the UM provision of his own insurance policy for the injuries he sustained finding he "occupied" his vehicle though he was not inside of it when the accident occurred.

uninsured motorist. The definition of occupying according to the insurance policy in *Contrisciane* was "'occupying' means in or upon entering into or alighting from." *Id.* at 1008. When interpreting the policy language *Contrisciane* focused on whether the person claiming benefits was performing an act which is normally associated with the immediate "use" of the auto. *Id.* at 1008-09. This liberal interpretation of the term "occupying" was based on the following criteria:

> (1) there is a causal relation or connection between the injury and the use of the insured vehicle;
> (2) the person asserting coverage must be in a reasonably close geographic proximity to the insured vehicle, although the person need not be actually touching it;
> (3) the person must be vehicle oriented rather than highway or sidewalk oriented at the time; and
> (4) the person must also be engaged in a transaction essential to the use of the vehicle at the time.

*Id. at* 1009. The Court found that Mr. Contrisciane was an occupant of his own vehicle even though the accident occurred at a point apart from his vehicle. *Id.* at 1009. Concord and Geico acknowledge that a liberal interpretation of the "occupy" term in Concord's policy is appropriate in this case. Geico states that Donald was "occupying" the vehicle based on the *Contrisciane* elements, or in the alternative Donald's occupancy is ambiguous and as such Concord's policy should be construed in favor of coverage for the Plaintiffs. *See Genther v. Progressive Cas. Ins. Co.*, 681 A.2d 479, 482 (Me. 1996); *Egger v. Gulf Ins. Co.*, 864 A.2d 1234 (2004), *aff'd,* 903 A.2d 1219 (2006). Geico stresses that neither Anthony, nor Donald, nor Phillip could state what Donald was actually doing at the time of impact.

Concord provides a different perspective by evaluating the criteria in a more detailed manner. The Court finds (1) there was a causal relationship between the injury and the use of Anthony's truck because Donald was a passenger in the truck and he stood by (or leaned inside) the truck when he was injured; and (2) Donald was in reasonable proximity to the insured vehicle

upon impact. The third and fourth criteria require a more detailed evaluation. Concord scrutinizes whether Donald was vehicle oriented (criteria 3) and whether he was engaged in a transaction essential to the use of the vehicle at the time (criteria 4). Concord states that as to the final two criteria Donald was not vehicle oriented, he was deer hunting oriented and the transaction of taking his gun out of the truck was not "essential to the use of the vehicle at that time." ECF No. 45, p. 18. This Court agrees.

First, Concord asserts that because Donald was unloading the vehicle to go hunting, he was not vehicle oriented and was not engaged in a transaction essential to the use of the vehicle. In other words, Donald's use of the vehicle as transport to the hunting site was complete and he was going to hunt when the accident occurred. Concord cites to various cases to support its position and further asserts that both Pennsylvania and Maine law agree on this issue.

For example, in *Contrisciane*, where Plaintiff was considered to be "occupying" the insured vehicle, he was temporarily stopped to deal with the accident and the officer's report. Mr. Contrisciane had full intention of returning to the vehicle to continue his journey and therefore, remained vehicle oriented. *See Contrisciane.* 473 A.2d at 1009. Concord states the significant question is whether the plaintiff's journey from point A to point B was interrupted briefly, but intending to continue to point B. ECF No. 45, p. 13. If this is the case, then the plaintiff remains vehicle oriented, if not, the criteria for coverage isn't satisfied. Criteria three is not satisfied; Donald was not vehicle oriented at the time of the accident.[3]

---

[3] Geico provided an analogous hunting case, *Fisher v. Harleysville Ins. Co.*, 621 A.2d 158 (Pa Super. 1993) to support its claim of occupancy. Mr. Fisher was unloading his rifle after a day of hunting and in preparation for entering a vehicle to leave the hunting site when he was struck by another automobile. The Court determined Fisher was an occupant of the truck because he was truck oriented making preparation to enter the truck to leave the hunting site. *See id.* at 160. This case is supportive of Concord's position.

The Court found *Merchants Mut. Ins. Co. v. Benchoff,* No. CIV.A. 09-418, 2010 WL 2245572, at *13 (W.D. Pa. May 10, 2010), *report and recommendation adopted,* No. CIV.A. 09-418, 2010 WL 2196321 (W.D. Pa. June 1, 2010) to be particularly instructive on the matter. In *Merchants,* a father traveled to the aid of his daughter who had a flat tire. He could not fix the flat tire and called AAA. AAA arrived and attended to the flat tire using a donut tire and advised the father and the daughter to go to the nearest Ford dealer to have a full-sized tire put on the car. AAA also recommended that daughter and father turn on their cars to make sure they would both start after having their hazard lights on for a long time-span. The father returned to his van and turned it on and then exited the van to get directions to Ford from the AAA attendant. While they were speaking, a car hit the back of the van causing it to careen into the father pinning his leg between the van and his daughter's car. The father sued the insurance company of the van for insurance coverage. Using the *Contrasciani* criteria, the Court determined that the father was occupying the van and therefore, was eligible for insurance benefits. As to the third prong,

> [A person] continues to "occupy" the motor vehicle until he severs all connection with it. That point of severance is reached when he becomes highway oriented as opposed to being vehicle oriented. Until then, the alighting passenger continues to be an occupant of the [vehicle]. Until such a person is on his or her own without reference to the [vehicle], the person has not ceased to be a passenger or occupant. *See and compare*: *Allstate Insurance Co. v. Flaumenbaum,* 62 Misc.2d 32, 308 N.Y.S.2d 447 (1970) (a passenger who steps out of a taxi cab to pay his fare is still vehicle oriented); *Government Employees Insurance Co. v. Keystone Insurance Co.,* 442 F.Supp. 1130 (E.D.Pa.1977) (a passenger who leaves a vehicle to engage in a fist fight is no longer vehicle oriented).

*Merchants,* 2010 WL 2245572, at *10.

Donald Binotto exited the vehicle, closed the front door, and reached into the cab, gathered his hunting rifle, and put it over his shoulder before he was thrown to the ground by the impact. All these actions by Donald demonstrate his clear intentions to exit the truck and leave the vehicle for an appreciable period of time to hunt. These facts are uncontested and the fact that no one

knows for sure whether Donald was leaning into the truck is not crucial to the Court's determination of occupancy.

Geico asserts that the language in the Concord policy, "Occupying means in, upon, getting in, on, out or off" is ambiguous and therefore, coverage should be found for the insured. The Court disagrees. The facts here are clear that Donald was "getting out" of the truck and was preparing to leave the truck behind; he was oriented away from the truck even while he was collecting things from it. In determining whether an individual was vehicle oriented at the time of the accident, the controlling factor is the individual's purpose for being outside his vehicle when the accident occurred. *See Petika v. Transcon. Ins. Co.*, 855 A.2d 85, 90 (2004). Donald's purpose was to go hunting, not to return to the vehicle. The Court does not consider Donald to be vehicle oriented when the accident occurred.

> To summarize, the key distinction between finding an individual vehicle oriented as opposed to highway oriented, as gleaned from the above cases, is the type of activity engaged in by the individual at the time of the accident and the individual's purpose for being outside the vehicle. Where the individual was engaged in an activity normally associated with or essential to the use of the insured vehicle, the courts have uniformly held that the individual was vehicle oriented. However, where the individual's actions prior to the accident did not, in any way, involve the insured vehicle, such that the individual had severed all connections with the vehicle, the courts have found the individual was not vehicle oriented.

*Merchants*, 2010 WL 2245572, at *13.

The fourth criteria, related to the third, is whether the activity Donald was performing was associated with or essential to the use of the insured vehicle. "With regard to the fourth prong of the *Utica Mutual* test, all that is required [for occupancy] is that the individual seeking UIM coverage be engaged in a transaction essential to the use of the vehicle at the time of the accident." *Id*. Once Donald exited the truck, he was not engaging in any transaction that was related or essential to the use of the vehicle. The vehicle was parked and neither Donald nor Anthony was

anticipating re-entering the truck imminently to continue a journey. Taking hunting gear out of the backseat is in no way related to a transaction that would return the Binotto brothers to driving the truck. Thus, the fourth, like the third, criteria required for occupancy under the Concord Policy is not satisfied.

### IV.   Conclusion

The Court finds that no material issues of fact exist, and that Concord is entitled to judgment as a matter of law. Plaintiff Donald Binotto was not occupying Anthony Binotto's Concord-insured truck at the time of the accident. Concord's Motion for Summary Judgment (ECF No. 45) is GRANTED. Accordingly, Geico's Motion for Partial Summary Judgment (ECF No. 47) is DENIED. Plaintiffs are entitled to UM benefits under the policy issued by Geico Advantage Insurance Company. Plaintiffs are not entitled to UM benefits under the policy issued by Concord.

Dated: September 25, 2024

Stephanie L. Haines
United States District Judge